### E. Eppstein *v.* The State.

1. Indictments presented prior to the time when the Common-Sense Indictment Act of 1881 took effect cannot be tested by that enactment.
2. Wholesale Liquor Selling.— The charging part of an indictment filed June 23, 1881, alleged that the accused pursued the " occupation of a wholesale liquor dealer, and did then and there sell spirituous, vinous and other intoxicating liquors in quantities of five gallons and more than that amount, without first obtaining license therefor by payment of the State tax fixed by law upon said occupation; against," etc.  *Held*, that the indictment was fatally defective under the law in force when it was presented.  And even under the Common-Sense Indictment Act it would be insufficient because it fails to allege the name of the person to whom the sale was made.

Appeal from the County Court of Grayson.  Tried below before the Hon. S. D. Steedman, County Judge.

The opinion states the case. A jury was waived and the cause submitted to the court. Appellant was found guilty, and his punishment was assessed at a fine of $200. He moved in arrest of judgment on the ground that the indictment charged no offense, and because the amount of the tax was not alleged in the indictment. The motion was overruled, a new trial refused, and he appealed.

*Hare & Head,* for the appellant.

*O. S. Eaton,* Acting Assistant Attorney General, for the State.

I. An occupation tax for selling liquors in quantities of five gallons or more is a specific tax under the statute, and is not embraced in the tax exacted "from every merchant." Rev. Stats. art. 4665 *et seq.*

II. It is shown, 1. That appellant was a wholesale dealer in wines, liquors and cigars at the time mentioned in the information; and 2. That appellant had not paid the tax of two hundred dollars unless the drummers' tax receipt was such payment.

III. The payment to the comptroller of a drummers' tax of two hundred dollars did not include the occupation tax levied upon every person or firm selling liquors in quantities of five gallons or more; the payment of the former did not exempt from the payment of the latter. Rev. Stats. art. 4665 *et seq.*

IV. The exact penalty is fixed by general law and is a matter of judicial knowledge. Rev. Stats. art. 4662; Penal Code, art. 110; *Viser & Carson* v. *State,* 10 Texas Ct. App. 86.

WINKLER, J. The information upon which this prosecution was based, after appropriate formal averments, charges that, in the county of Grayson, on October 1, 1880, the defendant "did then and there pursue the occupation of

a wholesale liquor dealer, and did then and there sell spirituous, vinous and other intoxicating liquors in quantities of five gallons and more than that amount, without first obtaining a license therefor by payment of the State tax fixed by law upon said occupation."

It can hardly be necessary to quote authority to show that under the laws heretofore in force in this State — that is, the laws prior to the passage of the act of March 26, 1881, the information would not sufficiently describe the offense attempted to be charged.

The information was filed prior to the time the act known as the common sense indictment bill (act of March 26, 1881) went into effect, which was ninety days after the adjournment of that session of the Legislature.   The Legislature adjourned on the first day of April, 1881. The information and the complaint were filed on June 23, 1881.   From the first day of April to the 23d day of June was less than ninety days; so the common sense bill was not in force at the time the prosecution was commenced, and the indictment cannot be tested by it.   Even under that bill it would not be sufficient, in that it fails to name the person to whom the spirits were sold.   Acts of 1881, sec. 5, p. 60.   This section relates to and embraces every case of selling intoxicating liquors in violation of any law of this State, but requires that the name of the person to whom such sale may have been made shall be stated in the information or indictment.   *White* v. *State, ante,* p. 476.

Other errors complained of need not be noticed.   Because the information is insufficient the judgment will be reversed and the case dismissed.

*Reversed and dismissed.*